UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
OWEN DUCKETT,

                Plaintiff,    :    11 Civ. 9532

            v.    :    **OPINION**

RAMELA DISTRIBUTOR INC., et al.,

              Defendants.
------------------------------------------------x

      This is a pro se action alleging trademark infringement and other violations of the Lanham Act. 15 U.S.C. § 1051 et seq.

      Defendants have moved to dismiss. The motion is granted with leave to amend given to plaintiff to re-plead in accordance with the directions in this opinion, if he can do so.

      The court takes judicial notice of the fact that the USPTO trademark database contains no trademark registered to the plaintiff before the commencement of this litigation. The database does contain a registration listing Duckett as the owner of certain marks similar to the one described in his complaint, but they were not filed until February 3, 2012, 38 days after the filing of Duckett's complaint.

      Paragraph 14 of the complaint alleges that Duckett is the owner of "the following marks," for which trademark applications are pending. But the

complaint does not list these "following marks."  There is nothing to indicate that defendants could be liable for infringement of these later-filed marks.

It is apparent that what Duckett is really talking about in his complaint are certain registered trademarks, which he attached to an affidavit filed in opposition to the motion to dismiss.  But these are trademarks registered in the name of Health At Sunrise Inc, not in the name of Duckett.  These are not referred to specifically in the complaint, as distinct from the affidavit, and it is apparent that Duckett has no standing to sue on them.

Paragraph 22 of the complaint purports to describe the infringing marks and products used by defendants, but the description is not complete or clear.  There is simply a reference to "the mark Sundial Wood & Root Tonic, Koromantee Bitters, Manback Tonic, and Ashanti Weight loss."  It is not clear whether "Sundial" is attached to one product or all products.  In other words, the alleged infringing labels are not set forth sufficiently.  Without a clear statement of the alleged infringing marks and products, there really cannot be a valid claim for either trademark infringement or other violations of federal law.

The complaint must be dismissed.  However, Duckett should be allowed to attempt an amended complaint.  It is possible that there is a basis for amending the caption to include, as a plaintiff, the company which owns the trademarks, as referred to earlier.  If Duckett wishes to refer to the later-filed registrations, he needs to show how these could be the basis for a cause of action.  As to the alleged infringing marks and products of defendant, the

complaint needs to be specific and precise as to not only the names and labels but also the manner in which the alleged infringement and other alleged violations of federal law occurred.

So ordered.

Dated: New York, New York
September 18, 2012

                                            Thomas P. Griesa
                                            U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept 18, 2012